David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

|  |  |
|---|---|
|  | : ECF CASE |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | : |
|  | : 08 Civ. 3309 (DLC) |
| Plaintiff, | : |
|  | **COMPLAINT** |
| - against - | : |
| SINGAPORE AIRLINES LTD.; EXEL GLOBAL LOGISTICS, INC.; | : |
|  | : |
| Defendants. |  |

-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendant:

1. Plaintiff Indemnity Insurance Company of North America is a corporation organized under the laws of, and with its principal place of business in, the state of Pennsylvania, and sues herein as subrogated insurer of Mark Andy, Inc., and for and on behalf of the shipper, consignee and owner of the cargo as their interests may appear.

2. Defendants are believed to be corporations organized under the laws of certain, and with their principal places of business in, certain of the fifty states or foreign sovereigns. Defendant Exel Global Logistics Inc. is believed to be a New York corporation with an agent at 111 Eighth Avenue, New York, New York.

3. This Court has *in personam* jurisdiction over the defendants, who conduct business in the State of New York and the United States as a whole.

**FIRST CAUSE OF ACTION**

4. Plaintiff repeats and realleges the allegations in paragraphs 1 through 3 of this complaint.

5. This Court has federal question subject matter jurisdiction pursuant to 28 USCA § 1331. There is also pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.

6. This cause of action arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments, protocols and successor treaties thereto in effect in the country of origin and destination at the time of shipment. Alternatively, this cause of action is governed by the Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, <u>1999 WL 33292734 (2000)</u> (entered into force Nov. 4, 2003) ("Montreal Convention").

7. This action involves damage and loss to a shipment of printing machinery which moved from Chicago, Illinois, to Chennai, India, as described more fully in Singapore Airlines air waybill 618-9746-3284 dated on or about August 4, 2006 and Exel Global Logistics, Inc. air waybill STL02-046008 dated on or about August 4, 2006, and others. (Fight No.: SQ-7931/16)

8. Said damage and loss was the result of defendants' fault, recklessness, wanton neglect, and willful misconduct in that defendants, their agents, servants, connecting carriers, subcontractors, terminal operators, truck drivers, warehousemen and

employees failed to properly handle, protect and care for the cargo in question and in that defendant had no proper and effective procedures to receive, handle, carry, transfer and care for the cargo

.	9.	By reason of the aforesaid plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $47,399.88, no part of which has been paid although duly demanded.

10.	Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

**SECOND CAUSE OF ACTION**

11.	Plaintiff repeats and realleges the allegations set forth in paragraphs 1,2,3,5,7,8,9 and 10 of this complaint.

12.	When the cargo was received into the care, custody and control of defendants, or those entities acting on their behalf, the cargo was in good order and condition.  However, defendants failed to make delivery of the entire cargo at the intended destination in the same order and condition. Instead the cargo was in damaged and depreciated condition at the time of delivery.

13.	Therefore, defendants, as common carriers, bailees, and/or warehousemen, is liable to plaintiff for the claimed damage to the cargo in suit.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally:

(a)	for the sum of $47,399.88;

(b)	for prejudgment interest at the rate of  9% per annum;

(c)	for the costs and disbursements of this action;

3

      (d)    for such other and further relief as this Court deems proper and just.

Date: New York, New York
March 31, 2008

                LAW OFFICES,
                DAVID L. MAZAROLI

*s/David L. Mazaroli*

_____
David L. Mazaroli (DM 3929)
Attorney for Plaintiff
11 Park Place - Suite 1214
New York, New York 10007
Tel.: (212)267-8480
Fax.: (212)732-7352
E-mail: dlm@mazarolilaw.com
File No.: 7G-1572