UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA,

                Plaintiff,

- against -

SINGAPORE AIRLINES LTD.; EXEL GLOBAL
LOGISTICS, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No.
08 Civ. 3309 (DLC)

**ANSWER OF DEFENDANT
SINGAPORE AIRLINES
WITH CROSS-CLAIMS**

Defendant SINGAPORE AIRLINES, LTD. ("SINGAPORE"), by and through its attorneys Condon & Forsyth LLP, for its Answer to the Complaint, alleges upon information and belief:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 through 3 inclusive of the Complaint, and otherwise leaves all questions of law to be decided by the Court.

## AS TO THE FIRST
## CAUSE OF ACTION

2. Answering paragraph 4 of the Complaint, defendant SINGAPORE repeats, reiterates and realleges each and every denial in paragraph 1 of this Answer with the same force and effect as if herein set forth in full.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 5, 6 and 7 of the Complaint. Defendant SINGAPORE further states that it leaves all questions of law to be decided by the Court.

4. Denies the allegations in paragraph 8 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 9 and 10 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

6. Answering paragraph 11 of the Complaint, defendant SINGAPORE repeats, reiterates and realleges each and every denial in paragraphs 1 through 5 of this Answer with the same force and effect as if herein set forth in full.

7. Denies the allegations in paragraphs 12 and 13 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8. The transportation out of which the subject matter of this action arose was "international" transportation within the meaning of the Convention for Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000 (1934), T.S. No. 876, 137 L.N.T.S. 11, *reprinted in* 49 U.S.C. § 40105 (note) (1997), as amended by the Protocol done at the Hague on September 8, 1955, (hereinafter referred to as the "Warsaw Convention"), and the rights of the parties to this litigation are governed by the provisions of said Warsaw Convention.

9. Pursuant to Article 22 of the Warsaw Convention and SINGAPORE's conditions of carriage, the liability of defendant SINGAPORE, if any, is limited.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. Defendant repeats, reiterates and realleges each and every allegation in paragraph 8 of this Answer with the same force and effect as if herein set forth in full.

11.    Pursuant to Article 26 of the Warsaw Convention and defendant SINGAPORE's conditions of carriage, some or all of the claims in plaintiff's action may be barred because, upon information and belief, plaintiff failed to dispatch timely written notice to defendant of the damages alleged in the Complaint.

**AS AND FOR A THIRD
AFFIRMATIVE DEFENSE**

12.    Defendant repeats, reiterates and realleges each and every allegation in paragraph 8 of this Answer with the same force and effect as if herein set forth in full.

13.    Pursuant to the relevant Articles of the Warsaw Convention, defendant SINGAPORE is not liable to plaintiff or, in the alternative, SINGAPORE's liability is limited.

**AS AND FOR A FOURTH
AFFIRMATIVE DEFENSE**

14.    The alleged damages complained of were caused by the direct and proximate negligence of other parties, their agents or employees or by others unknown at this time over whom defendant SINGAPORE had no control at any time relevant hereto, and in the event SINGAPORE is found liable to plaintiff, which liability is expressly denied, SINGAPORE will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

**AS AND FOR A FIFTH
AFFIRMATIVE DEFENSE**

15.    The Complaint fails to state a cause of action upon which relief can be granted.

**FIRST CROSS-CLAIM AGAINST
DEFENDANT EXEL GLOBAL LOGISTICS, INC.**

1.    Upon information and belief, the alleged damages complained of were caused solely by reason of the negligence or culpable conduct of defendants EXEL GLOBAL

LOGISTICS, INC. (hereinafter referred to singularly as "EXEL") without any negligence or culpable conduct on the part of defendant SINGAPORE contributing thereto.

2. If plaintiff recovers judgment against SINGAPORE for the damage alleged in the Complaint, such liability will have been brought about or caused solely by the careless, negligent or culpable acts or omissions of defendant EXEL, its agents, servants or employees, and defendant SINGAPORE is, therefore, entitled to full indemnity from defendant EXEL, in an amount equal to the total sum of any such judgment, together with attorneys' fees, costs and disbursements incurred in defending the within action.

## SECOND CROSS-CLAIM AGAINST DEFENDANT EXEL

3. Upon information and belief, the alleged damages complained of were caused, in substantial part, by reason of the negligence or culpable conduct of defendant EXEL.

4. If plaintiff recovers judgment against SINGAPORE for the damage alleged in the Complaint, such liability will have been brought about and caused, in substantial part, by the careless, negligent or culpable acts or omissions of defendant EXEL, its agents, servants, or employees, and defendant SINGAPORE is, therefore, entitled to contribution from defendant EXEL, in accordance with the relative culpability of such defendant and, in the event judgment is entered in favor of plaintiff against SINGAPORE, said defendant demands that it have judgment over and against defendant EXEL in accordance with the cross-claims asserted herein, together with attorneys' fees, costs, disbursements.

WHEREFORE, defendant SINGAPORE AIRLINES, LTD. demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability as aforementioned, and judgment in accordance with the above cross-claims, together with costs, disbursements and such other and further relief as this Court deems just and proper.

Date:  New York, New York
       April 28, 2008

CONDON & FORSYTH LLP

By _____
Stephen J. Fearon (SF 8740)
sfearon@condonlaw.com
Bartholomew J. Banino (BB 4164)
bbanino@condonlaw.com
7 Times Square
New York, New York 10036
(212) 490-9100

*Attorneys for Defendant*
*SINGAPORE AIRLINES, LTD.*

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Samia Flecha, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Weehawken, New Jersey. That on the 28th day of April, 2008 deponent served the within **ANSWER OF DEFENDANT SINGAPORE AIRLINES WITH CROSS-CLAIMS** upon:

| | |
|---|---|
| David L. Mazaroli, Esq. | Alissa M. Ryder, Esq. |
| Law Offices of David L. Mazaroli | Duane Morris LLP |
| 11 Park Place, Suite 1214 | 744 Broad Street, Suite 1200 |
| New York, New York 10007-2801 | Newark, New Jersey 07102-3889 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| *INDEMNITY INSURANCE COMPANY* | *EXEL GLOBAL LOGISTICS, INC.* |
| *OF NORTH AMERICA* | |

at the addresses designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Samia Flecha

Sworn to before me this
28th day of April, 2008

_____
Notary Public

MARY ANN ROONEY
NOTARY PUBLIC, State of New York
No. 31-4672706
Qualified in Queens County
Commission Expires May 31, 2010