**DUANE MORRIS** LLP
By:   James W. Carbin, Esq.
      Alissa M. Ryder, Esq.
744 Broad Street
Suite 1200
Newark, New Jersey
973.424.2025
Attorneys for Exel Global Logistics, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>SINGAPORE AIRLINES LTD; EXEL GLOBAL LOGISTICS, INC.,<br><br>            Defendants. | CIVIL ACTION NO.<br>08 CIV 3309 (DLC)<br><br>**EXEL GLOBAL LOGISTICS, INC.'S ANSWER TO CROSS-CLAIMS OF SINGAPORE AIRLINES** |

Defendant, EXEL GLOBAL LOGISTICS, INC. ("Exel"), by and through its attorneys, Duane Morris LLP, answers the Cross-Claims of co-defendant SINGAPORE AIRLINES, LTD ("Singapore") and asserts Affirmative Defenses follows:

1.   Exel denies the allegations made in Paragraph 1 of the Singapore's Cross-Claim.

2.   Exel denies the allegations made in Paragraph 2 of the Singapore's Cross-Claim.

3.   Exel denies the allegations made in Paragraph 3 of the Singapore's Cross-Claim.

4.   Exel denies the allegations made in Paragraph 4 of the Singapore's Cross-.

**WHEREFORE**, Exel demands judgment against Singapore dismissing the Cross-Claims with prejudice and with costs and attorneys' fees and, for such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Forum Non-Conveniens.

### SECOND AFFIRMATIVE DEFENSE

The Cross-Claims fail to state a cause of action for which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Lack of personal jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

Venue for this action is improper.

### FIFTH AFFIRMATIVE DEFENSE

The Cross-Claims are barred by the applicable statute of limitations, laches or other applicable time limit.

### SIXTH AFFIRMATIVE DEFENSE

Improper service of process.

### SEVENTH AFFIRMATIVE DEFENSE

The Cross-Claims are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

The Cross-Claims are barred by the doctrines of waiver.

### NINTH AFFIRMATIVE DEFENSE

The alleged damages complained of were caused by the direct and proximate negligence of other parties, their agents or employees or by others unknown at this time over whom Exel had no control at any time relevant hereto, and in the event Exel is found liable, which liability is

expressly denied, Exel will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### TENTH AFFIRMATIVE DEFENSE

Exel has performed all of the terms and conditions of the contract between the parties, if any, which were to be performed by Exel in accordance with such terms and conditions of contract.

### ELEVENTH AFFIRMATIVE DEFENSE

The Cross-Claims are barred by failure to timely file a notice of claim with Exel.

### TWELFTH AFFIRMATIVE DEFENSE

Exel was not negligent and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

### THIRTEENTH AFFIRMATIVE DEFENSE

The alleged loss, damage or delay was caused by or contributed to by Singapore, its agents, servants and/or employees.

### FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to the provisions of Exel's contract of carriage, tariffs, the Warsaw Convention and/or other governing law, Exel has no liability to Singapoe or to any other person under the contracts of carriage for any loss, damage or delay where such loss, damage or delay.

### FIFTEENTH AFFIRMATIVE DEFENSE

Exel performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

### SIXTEENTH AFFIRMATIVE DEFENSE

The transportation the subject matter of this action arose was "international transportation" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 ("Warsaw Convention"), and the rights of the parties are governed exclusively by the provisions of the Warsaw Convention. 49 Stat. 3000, T.S. NO. 876, 137 L.N.T.S. 11 (1934), reprinted in 49 U.S.C.A. § 40105 (1997).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Pursuant to the applicable provisions of Exel's contract of carriage, tariffs on file, the Warsaw Convention, and/or other governing law, Exel has no liability to Singapore or to any other person under the contract of carriage in that the alleged loss, damage or delay was caused by or contributed to by improper or defective packaging or packing and/or the inherent nature of the merchandise and/or the act of a public authority.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Pursuant to Article 20(1) of the Warsaw Convention, Exel is not liable to Singapore because Exel, through its officers, agents and employees, took all necessary measures to avoid the loss or damage described in the Complaint, or because it was impossible for Exel through its officers, agents and employees, to take such measures.

### NINETEENTH AFFIRMATIVE DEFENSE

Any liability of Exel is limited to an aggregate sum not in excess of U.S. $9.07 per pound or U.S. $20 per kilogram of cargo lost or damaged for which Exel is answerable by contract or by law.

### NINETEENTH AFFIRMATIVE DEFENSE

In the event that Exel is found liable to Plaintiff, which liability is expressly denied, Exel will be entitled to indemnification, contribution or apportionment of liability from Singampore pursuant to applicable law.

### TWENTIETH AFFIRMATIVE DEFENSE

The Cross-Claims fail to join an indispensable party or parties needed for a just adjudication.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Exel has no liability to Singapore or to Plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The alleged damages were caused and brought about by an intervening and superseding cause and were not caused by Exel or by a person for whom Exel is responsible.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Exel is entitled to all applicable limitations of liability included in its tariffs, invoices, contracts, under law, or otherwise, limiting any recovery.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Failure to mitigate damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Exel reserves the right to amend this pleading to reflect additional affirmative defenses as may be revealed through discovery and further pleadings.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Exel adopts and incorporates those affirmative defenses set forth in Exel's Answer to Plaintiff's Complaint.

**WHEREFORE**, Exel demands judgment against co-defendant dismissing the Cross-Claims with prejudice and with costs and attorneys' fees and, for such other relief as the Court deems proper.

Dated: May 19, 2008

          DUANE MORRIS LLP
          A Delaware Limited Liability Partnership

          By: /s/ Alissa M. Ryder
               Alissa M. Ryder (AR 7405)
               James W. Carbin (JC 5004)
               744 Broad Street, Suite 1200
               Newark, New Jersey 07102
               (973) 424-2000
               Attorneys for Defendant,
               EXEL GLOBAL LOGISTICS, INC.

## DECLARATION OF SERVICE BY MAIL

ALISSA M. RYDER, declares that:

I am not a party to this action, am over 18 years of age, and reside in New York, New York. On May 19, 2008 I served a true and correct copy of **EXEL GLOBAL LOGISTIC'S ANSWER TO CROSS-CLAIMS OF SINGAPORE AIRLINES** on:

David L. Mazaroli, Esq.
Law Offices of David Mazaroli
11 Park Place – Suite 1214
New York, NY 10007

Bartholomew J. Banino
Stephen J. Fearon
Condon & Forsyth LLP
7 Times Square
New York, NY 10036

by depositing the same in a sealed and postage prepaid wrapper, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addresses(es) as indicated above.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 19, 2008

_____
Alissa M. Ryder